# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIQUE L. MIDDLETON, | No. 4:19-CV-01337 |
| Petitioner, | (Judge Brann) |
| v. | |
| DAVID J. EBBERT, | |
| Respondent. | |

## MEMORANDUM OPINION

### AUGUST 2, 2019

**I.    BACKGROUND**

In 2014, Dominique L. Middleton pled guilty to attempting to interfere with commerce by robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a) (Count One), brandishing a firearm during and in relation to a crime of violence,[1] in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three).[2]   In 2015, Middleton was sentenced to 130 months' imprisonment, which consisted of 46

---

[1]   The underlying predicate offense supporting this charge was the attempted commission of Hobbs Act Robbery alleged in Count One of the indictment. *United States v. Middleton*, 1:14-cr-00037-TRM-SKL-1 (E.D. Tenn., Doc. 1 at 2).

[2]   *Middleton*, 1:14-cr-00037-TRM-SKL-1 (Docs. 1, 12, 15).

months' imprisonment for Counts One and Three, and a consecutive 84-month sentence for Count Two.[3]

Middleton did not appeal his convictions or sentence, but instead filed a timely 28 U.S.C. § 2255 motion in which he asserted that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his § 924(c) conviction was void, as Hobbs Act Robbery no longer constituted a crime of violence.[4] The sentencing court concluded that Middleton's argument was foreclosed by binding precedent from the United States Court of Appeals for the Sixth Circuit and denied the motion.[5] In April 2019, Middleton applied to file a second or successive § 2255 motion based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); the Sixth Circuit dismissed that application for failure to prosecute.[6]

Middleton has now filed a 28 U.S.C. § 2241 petition with this Court in which he argues that his § 924(c) conviction must be vacated because the United States Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that § 924(c)

---

[3] *Middleton*, 1:14-cr-00037-TRM-SKL-1 (Doc. 33).

[4] *Middleton*, 1:14-cr-00037-TRM-SKL-1 (Doc. 35).

[5] *Middleton*, 1:14-cr-00037-TRM-SKL-1 (Docs. 45, 46).

[6] *In re Middleton*, No. 19-5358 (6th Cir., Docs. 1, 5).

2

is unconstitutionally vague.[7] Middleton has also filed a motion for leave to proceed *in forma pauperis*, which will be granted.[8]

## II. DISCUSSION

Although federal law generally requires that, when evaluating a § 2241 petition, district courts "issue an order directing the respondent to show cause why the writ should not be granted," courts need not do so if "it appears from the application that the applicant or person detained is not entitled thereto."[9] Thus, "a district court is authorized to dismiss a [§ 2241] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[10]

Middleton challenges the validity of his criminal conviction, not its execution.[11] Although Middleton brings this challenge in a § 2241 petition, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."[12] Thus, "a federal prisoner

---

[7] Doc. 1 at 2, 7.

[8] Doc. 2.

[9] 28 U.S.C. § 2243.

[10] *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks omitted).

[11] "In order to challenge the execution of his sentence under § 2241, [Middleton] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012).

[12] *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

3

may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"[13]

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."[14] "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[15]

Accordingly,

> [The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the

---

[13] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

[14] *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

[15] *Id.*

4

legality of his detention since the intervening Supreme Court decision issued.[16]

The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges his federal conviction under § 2241 when the underlying claim does not fit within the Savings Clause, the petition must be dismissed.[17]

When evaluated under this standard, Middleton's claim does not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241 petition. As the United States Court of Appeals for the Eleventh Circuit recently concluded, the Supreme Court's holding in *Davis* is a new rule of constitutional law that was made retroactively applicable by the Supreme Court to cases on collateral review.[18] The Eleventh Circuit's reasoning is compelling, and the Court adopts it here. Thus, the holding in *Davis* fits within 28 U.S.C. § 2255(h)(2), and any claim based on *Davis* may be raised in a second or successive § 2255 motion.[19] Because "§ 2255(h) . . . permit[s] a second bite at the habeas apple" for any *Davis*-based claim, § 2255 is not "inadequate or ineffective to test the legality of" Middleton's detention, and he may not pursue his claim in a § 2241 petition.[20] Rather,

---

[16] *Bruce*, 868 F.3d at 180 (citations and internal quotation marks omitted).

[17] *See id.* at 183 (noting the jurisdictional nature of the Savings Clause inquiry).

[18] *In re Hammoud*, __ F.3d __, __, No. 19-12458-G, 2019 WL 3296800, at *2-4 (11th Cir. July 23, 2019).

[19] *In re Hammoud*, 2019 WL 3296800 at *4.

[20] *Bruce*, 868 F.3d at 174.

Middleton's proper remedy lies in filing a 28 U.S.C. § 2255(h) application with the Sixth Circuit.

**III.   CONCLUSION**

Middleton's claim does not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition. Middleton's § 2241 petition must therefore be dismissed.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge